Tucker, P.
The court is of opinion, that the widow is improperly allowed one-third of the balance found due from the administrator, in absolute property. That balance is, in effect, the proceeds of the sales of slaves, to one-third of which she had title indeed, but only for life. What her proportion of the price ought to be, can be estimated by no certain rule that the court knows of. It is a complicated question presenting a triple ratio; the probable life of the widow', the probable life of the slaves, and the difference between the hires of the slaves in her portion, and the interest of her portion of their price. For, if the slaves had not been sold, their hires would have been of more value to her than the interest of the money; and, therefore, the mere interest of the money for life would seem, at first view, not a fair compensation; yet as this is certain, and the hires uncertain, since the slaves may die, perhaps there is no better rule, in such cases, than to allow her one-third of the money for life. No other course can approximate to what is right. For it is possible the slaves, or the widow, may die, the day after allotment; and so her interest may be worth little or nothing. But it is also possible, that the slaves may live many years, and yet die before her, and then she W'ould have had the whole value. And it is also possible, she might live until they were superannuated ; so that if they survived her, they would be a charge and not a profit. The use of the *412 purchase money for life, is, therefore, the most proper measure} aQd wherever her portion of purchase money is so paid over to a widow for life, bond with security should be required of her, for paying it over at her death, to the perent*ded in remainder.
Decree reversed, and cause remanded.